Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Robert R. Ahdoot (SBN 172098)
rahdoot@ahdootwolfson.com
Jeff S. Westerman (SBN 94559)
jwesterman@ahdootwolfson.com
Theodore Maya (SBN 223242)
tmaya@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 West Olive Avenue, Suite 500
Burbank, CA 91505
Tel: (310) 474-9111

*Attorneys for Plaintiffs*

Richard D. McCune, Esq., Bar No. 132124
rdm@mccunelawgroup.com
Michele M. Vercoski, Esq., Bar No. 244010
mmv@mccunelawgroup.com
Yasmin N. Younessi, Esq., Bar No. 312153
ynv@mccunelawgroup.com
**MCCUNE LAW GROUP, APC**
18565 Jamboree Road, Suite 550
Irvine, California 92612
Telephone: (909) 557-1250 /Facsimile: (909) 557-1275

Stephen G. Larson, Bar No. 145225
slarson@larsonllp.com
Dana M. Howard, Bar No. 280798
dhoward@larsonllp.com
**LARSON LLP**
555 South Flower Street
30th Floor
Los Angeles, CA 90071
Telephone: (213) 436-4888
Facsimile: (213) 623-2000

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *In re Garden Grove Chemical Plant Evacuation* | Master File Case No. 8:26-cv-01293-MRA-KES<br><br>**APPLICATION BY NINE (9) FEDERAL FILED PLAINTIFFS CASES TO APPOINT INTERIM CLASS COUNSEL**<br><br>**FILED IN RESPONSE TO ORDER (Dkt. 28) PARAGRAPH 8**<br><br>Hon. Monica Ramirez Almadani<br>Hon. Magistrate Judge Karen E. Scott |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR APPOINTMENT OF INTERIM CLASS COUNSEL

## I. INTRODUCTION

### A. Background

This litigation arises from a May 2026 chemical incident at the GKN Aerospace facility in Garden Grove, California. The discharge of hazardous chemicals triggered mandatory evacuation orders starting May 22, 2026, affecting approximately 50,000 residents and 3,200 businesses across several Orange County cities. Between May 23 and June 4, 2026, ten class actions were filed in this District, assigned to the Southern Division, and related before this Court. Recently, a number of cases that were filed in state court have been removed into this now coordinated action.

### B. Early Activity and Results by This Proposed Leadership

Ten separate class action cases arising from the GKN Aerospace chemical incident were filed in federal court between late May and early June 2026. On July 7, 2026, Plaintiffs in each of the ten federal class actions self-governed by reaching consensus and appointing spokespersons to negotiate a stipulation with Defendants for an order consolidating the federal cases and any subsequently related cases. This cooperation, together with Defendants' professional response, allowed the cases to move forward expeditiously on substantive issues. That agreement established a coordinated extension of response dates, consolidation of the actions, and a schedule for filing a consolidated complaint and Defendants' response *See* Dkt. 32. Declaration of Richard D. McCune ("*McCune Decl.*") ¶ 2.

This stipulation was the latest in a series of coordinated action by all counsel for the federally filed cases ("FFC") that involved self-governing between multiple firms and cases. Counsel for the FFC organized and worked with one voice by filing and supporting an *Ex Parte* Application for a Preservation Order, and subsequently stipulating with Defendants to a preservation order without necessitating a hearing. *See* Dkt. 30 (Court's Order July 1, 2026). This cooperation allowed the parties to avoid duplicative motion

practice on the preservation issue by working as a group cooperatively with Defense counsel to reach an agreement for all cases. *McCune Decl.* ¶ 3.

Following the Preservation Order, the spokespeople for the FCC and Defendants worked cooperatively to resolve ongoing preservation issues. Defendants have begun producing documents and arranging for Plaintiffs' expert to take possession of chemical samples from the site for analysis and storage. This was consistent with the earlier actions taken by the FFC to designate a member to stipulate with the Defense on an initial 30-day extension to respond in all cases. *McCune Decl.* ¶ 4.

Recently, the self-governing FFC through designated spokespersons conducted a joint Rule 26(f) and Rule 16 conference on July 10, 2026. That conference helped identify areas of agreement and disagreement on the merits, pleadings, early motions, and discovery — thus initiating the exchange of information to advance the litigation efficiently. Completion of the Rule 26(f) conference also permitted Plaintiffs to propound an early request for production of core documents. *McCune Decl.* ¶ 5.

This activity has built an early, solid, foundation for Plaintiffs because each counsel for the FFC self-governed, self-organized, and worked together cooperatively with one another. That organic self-government resulted in a highly functional structure of the law firms of McCune Law Group and Ahdoot Wolfson acting as co-lead counsel, while firms from the other FFC provided substantive value, input, and collaboration to accomplish these early results. *McCune Decl.* ¶ 6. This ability to work together and with defense counsel is a testament to a group of lawyers in the FFC that are each distinguished and have led complex cases. This team approach speaks to the commitment of each of these firms to achieve client-focused results.

Consistent with what has already worked extraordinarily well, counsel for all but one case of FFC jointly request that the Court appoint: Interim Co-Lead Class Counsel — (1) McCune Law Group, APC and (2) Ahdoot & Wolfson, PC; Liaison Counsel — Larson, LLP; and seven Plaintiffs' Steering Committee positions — Coulson PC, Litteral LLP,

Kneupper & Covey PC, PARRIS Law Firm, Rose Klein & Marias, LLP, Sbatti & Company and Seeger Weiss LLP

Each member of this leadership team has committed to the case, has demonstrated value, is supportive of this leadership structure, believe that this leadership team will best serve the Plaintiffs, and will continue to work together to achieve results for the Plaintiffs and putative class — while working cooperatively with Plaintiffs' counsel who may not be part of the leadership structure but bring value to the case.

**C. Plaintiffs' Proposed Structure Promotes Results and Efficiency**

This is a complex class action that will require coordinated work across multiple technical and specialized areas. On the other side is a large publicly traded company represented by Latham & Watkins LLP, a global law firm with more than 3,500 attorneys. This will be a significant undertaking. Defendants are coordinated through common corporate structure and representation by one law firm with the resources to defend the case. Plaintiffs' proposed leadership provides alignment to counter those resources, offering complementary experience and strengths in complex class litigation, product defect analysis, environmental issues, evacuation scenarios, nuisance and trespass claims, and governmental coordination.

Proposed Interim Co-Lead Class Counsel are committed to civility, efficiency, contemporaneous billing, and avoiding duplication. This leadership satisfies Rule 23(g) and serves the interests of the putative class and the Court. The leadership is through consensus and committed to work with counsel in any removed cases that remain in federal court. Defendants advised that they take no position on plaintiffs' leadership.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 23(g)(3) authorizes district courts to appoint interim counsel before class certification to protect absent class members' interests. See *White v. TransUnion, LLC,* 239 F.R.D. 681, 683 (C.D. Cal. 2006)

In exercising its discretion, courts consider:(1) the work counsel has done identifying or investigating potential claims; (2) counsel's experience handling class actions, complex

litigation, and the types of claims asserted; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A); and the Manual for Complex Ligation (Fourth) § 10.221. The Court may also consider other matter pertinent to counsel's ability to fairly and adequately represent the proposed class. Fed. R. Civ. P. 23(g)(1)(B).

Liaison counsel facilitates communication between lead counsel, the Court, and other parties, manages administrative matters, and ensures compliance with local rules. See *Rubenstein v. Scripps Health*, No. 21-cv-1135-GPC-(MSB), 2021 WL 4554569, at *4 (S.D. Cal. Oct. 5, 2021). The submitted leadership firms satisfy these factors.

**A. The Proposed Co-Lead Counsel Satisfy Rule 23(g)**

**1. The Proposed Firms Performed Significant Investigative Work**

The proposed Interim leadership group collectively devoted substantial time and resources investigating the Garden Grove chemical release and the resulting claims. Those investigations included analyzing governmental and emergency responses concerning the chemical release, requesting documents from public sources, interviewing affected residents and business owners, reviewing client documents, following media reports, researching legal claims (including nuisance, trespass, and strict liability law), and consulting with an expert in safety and risk engineering.

The Proposed Co-Leads, as supported by the Proposed PSC, have already taken concrete steps to protect the class by obtaining a preservation order, obtaining a coordination and scheduling order, conducting a Rule 26(f) conference, propounding discovery, and hiring experts and obtaining and preserving evidence.

**2. The Proposed Co-Lead Counsel Firms, Liaison Counsel, and PSC Firms Have Significant Experience Handling Class Actions, Complex Litigation, and Claims of the Type Asserted Here**

**McCune Law Group, APC (Co-Lead Counsel)**: McCune Law Group, APC ("MLG") is a 28-attorney plaintiff firm led by Richard McCune, who has over 35 years of extensive experience litigating and leading complex class actions, mass torts,

environmental contamination matters, product liability actions, consumer protection cases, and other large-scale representative proceedings *McCune Decl*. ¶ 7., *See* **Exhibit 1**, MLG resume to *McCune Decl*. The firm maintains eight offices, including a central office in Irvine, California, where partners Richard McCune and Michele Vercoski – who will lead this litigation – are based. MLG's strong Orange County presence provides an advantage for case management, meetings, witness coordination, and appearances before this Court. MLG possesses the institutional knowledge and resources to manage litigation of this scope and complexity. *McCune Decl*. ¶ 8.

MLG has extensive experience in environmental cases. It represented a large number of plaintiffs for trespass and nuisance in the Porter Ranch methane leak case. It represents a large number of plaintiffs for trespass and nuisance in the Carson warehouse fire/Dominguez Channel case. It represents a number of Barstow, California homeowners in an environmental trespass and nuisance case caused by a large solar farm project. It represented and obtained a sizable recovery on behalf of a non-profit for trespass against Chevron in Bakersfield, CA. It was counsel and heavily involved in the Huntington Beach oil spill that was co-led by proposed liaison counsel Stephen Larson. *McCune Decl*. ¶ 9.

MLG has repeatedly been appointed to leadership positions in complex litigation, including serving as Co-Lead Counsel in the *TD Bank* MDL litigation, as Co-Lead Counsel in In re *Hyundai and Kia Fuel Economy Litigation* before the Honorable George H. Wu in the Central District of California, Lead Counsel *In Re Toyota Hybrid Brake Litigation*, and on the Plaintiffs' Steering Committee in the *Toyota Unintended Acceleration* MDL litigation before Judge Selna in the Southern Division of the Central District of California. The firm has also served in PSC or PEC positions in numerous other federal cases. The claims asserted here fall squarely within the firm's core experience and expertise. *McCune Decl*. ¶ 10.

**Ahdoot & Wolfson, PC (Co-Lead Counsel):** Ahdoot & Wolfson, PC ("AW") has spent the last 28 years representing individuals in a range of class litigation, and Mr. Westerman, who recently joined the firm and is working on this case, has spent 46 years

litigating cases. They have collectively led many groups of plaintiff's counsel in complex class actions against the most heavily resourced defendants in the world and obtained billions of dollars in value for class members. AW and its attorneys have been appointed to leadership positions in numerous multidistrict litigations and multi-party proceedings in federal courts nationwide and achieved excellent results. *See* **Exhibit 2-A**, AW resume and **Exhibit 2-B**, Westerman Biography to Jeff Westerman Declaration ("Westerman Decl.") in *McCune Decl*.

**Larson, LLP (Liaison Counsel):** Larson, LLP and the Hon. Stephen G. Larson (Ret.) of Larson, LLP are proposed to serve as Liaison Counsel. *See* **Exhibit 3-A** to McCune Decl. Judge Larson has over 30 years of experience as a trial and appellate lawyer in high-stakes litigation including before the California Supreme Court and the U.S. Supreme Court. His background includes serving as Chief of the Organized Crime and Racketeering Section of the U.S. Attorney's Office in Los Angeles before leaving to serve as a Federal Judge for 10 years, first a United States Magistrate Judge and then as a United States District Judge for the Central District of California.

For the past 10 years, as a founding partner of Larson, LLP, he has overseen a distinguished law firm specializing in complex trial and appellate work with over 50 lawyers and offices in both Los Angeles and Orange County. Judge Larson's unique combination of experience—as a sitting judicial officer of this Court, as a prosecutor who regularly appeared before it, and now as a highly respected trial lawyer who has led complex litigation in this District and many others—makes him exceptionally well qualified to serve as Liaison Counsel.

While Larson LLP and Judge Larson have been involved in many cases of note, of particular relevance is that the firm recently served as co-lead counsel in the Huntington Beach oil spill litigation in this District — a case involving similar environmental contamination, evacuation impacts, and community-wide damages.

Stephen Larson's experience as an elite trial lawyer, along with his prior service on the bench in the Central District gives him particular familiarity with the local rules,

practices, and procedures of this Court. In this role, he will serve as a consistent, trusted central point of contact, coordinate with proposed Co-Lead Counsel and the PSC, all while bringing a powerful trial presence for the Plaintiffs.

**PSC Firms:** The proposed Plaintiffs' Steering Committee consists of the following firms: Coulson PC, Litteral LLP, Kneupper & Covey PC, PARRAS Law Firm, Rose Klein & Marias, LLP, Sbatti & Company and Seeger Weiss LLP. As set forth the in the declarations and resumes attached to the Declaration of Richard D. McCune, each of these firms individually bring an impressive history of experience, success and leadership in complex litigation brought on behalf of plaintiffs. They have had leadership roles and/or have been counsel in some of the largest cases in the United States, many of which involve common issues with this litigation. They form a formidable team.

These firms bring extensive experience involving environmental contamination, product liability, consumer protection, and mass torts, and have developed the kind of institutional knowledge and resources that will be invaluable in this case. Rather than risk the prompt, efficient prosecution of this case by submitting numerous competing leadership applications, each of the PSC firms agreed to the proposed structure in the best interest of the putative class.

Their combined backgrounds will give the proposed leadership team depth and flexibility as the case moves through discovery, motion practice, and ultimately toward trial or settlement. The declaration of each firm and their resumes are attached as Exhibit 1 – 10 to the McCune Decl.

**3. The Proposed Co-Lead Counsel and Liaison Counsel Possess the Resources and Commitment to Litigate Efficiently**

The resumes of the Proposed Co-Leads and Liaison counsel are all testaments to these firms' ability to commit resources for many years to prosecute complex cases to conclusion. *See* **Exhibits 1, 2-A, 3-A**. Their commitment to this litigation will be no different. To ensure efficiency and utilization of resources, they are committed to making targeted work assignments based on each firms' strengths and will review time records and

staffing decisions of all participating firms on an ongoing basis. This structure allows Plaintiffs to not only match the resources of the defense, but to also maintain ongoing control over costs and prevent the overlapping work that can often result from firms operating independently or at cross-purposes.

## III. CONCLUSION

In light of the above, Plaintiffs respectfully request that the Court appoint, and keep, the functioning Plaintiffs' leadership structure described above.

Respectfully Submitted,

DATED: July 16, 2026

**MCCUNE LAW GROUP, APC**

*/s/ Richard D. McCune*
Richard D. McCune
Michele M. Vercoski
Yasmin N. Younessi

*/s/ Jeff Westerman*
Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
Robert R. Ahdoot (SBN 172098)
rahdoot@ahdootwolfson.com
Jeff S. Westerman (SBN 94559)
jwesterman@ahdootwolfson.com
Theodore Maya (SBN 223242)
tmaya@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 West Olive Avenue, Suite 500
Burbank, CA 91505
Tel: (310) 474-911

*/s/ Stephen G. Larson*
Stephen G. Larson, Bar No. 145225
slarson@larsonllp.com
Dana M. Howard, Bar No. 280798
dhoward@larsonllp.com
**LARSON LLP**
555 South Flower Street
30th Floor
Los Angeles, CA 90071

**ATTESTATION**

I am the ECF user whose identification and password are being used to file the foregoing **APPLICATION BY NINE (9) FEDERAL FILED PLAINTIFFS CASES TO APPOINT INTERIM CLASS COUNSEL**. Pursuant to Civil Local Rule 5-4.3.4, I attest that all other signatories listed, on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

DATED: July 16, 2026

*/s/ Richard D. McCune*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 11-6.1**

The undersigned counsel of record for Plaintiffs hereby certifies that this Joint Application for Consideration as Interim Class Counsel is no more than eight pages, excluding the caption, signature block, and certification. An eight-page limit for applications was established in the Hon. Judge Almadani's July 8, 2026 Order.

DATED: July 16, 2026

*/s/ Richard D. McCune*

**CERTIFICATE OF SERVICE**

I am a citizen of the United States. My business address is 18565 Jamboree Road Suite 550, Irvine CA 92612. I am employed in the County of Orange where this service occurs. My email address is da@mccunelawgroup.com. I am over the age of 18 years, and not a party to the within cause.

On the date set forth below, according to ordinary business practice, I served the foregoing document(s) described as:

**APPLICATION BY NINE (9) FEDERAL FILED PLAINTIFFS CASES TO APPOINT INTERIM CLASS COUNSEL**

X (VIA ECF) On this date, I electronically filed with the Clerk of the Court for the United States District Court – Central District of California by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 16, 2026, at Irvine, California.

/s/ *Dominique Alferez*
Dominique Alferez