UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-01293-MRA-KES | Date | August 26, 2026 |
| Title | *In re Garden Grove Chemical Plant Evacuation* | | |

| | |
|---|---|
| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Melissa H. Kunig | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER APPOINTING INTERIM CLASS COUNSEL**

Before the Court are two Applications to Appoint Interim Class Counsel in this consolidated matter. ECF 44, 45. The Court read and considered the briefing related to the Applications and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **APPOINTS** the Nine Plaintiffs' Counsel as Interim Class Counsel, thereby **GRANTING** their Application [45] and **DENYING** the *Carey* Group's Application [44].

## I. BACKGROUND

This consolidated matter involves a May 21, 2026, incident at GKN Aerospace Transparency Systems, Inc. ("GKN") in Garden Grove, California, where the storage of methyl methacrylate created a hazardous materials emergency, resulting in evacuation orders and shelter-in-place directives for the surrounding areas. ECF 1. Numerous lawsuits against GKN followed because of this incident. On July 8, 2026, this Court granted a stipulated request by the parties to consolidate all the related federal actions. ECF 28 (the "Consolidation Order"). All related pending cases were administratively closed, and the file in this case (*In re Garden Grove Chemical Plant Evacuation*) serves as the Master File for the consolidated action. *Id.* ¶ 3-4.

In its Consolidation Order, the Court adopted a process for the appointment of interim counsel, by which any Plaintiff's counsel in the consolidated action could file an individual or joint application for consideration as interim counsel. *Id.* ¶ 8. Two such applications are now before the Court. ECF 44, 45.

On July 16, 2026, counsel in the following three matters filed an application: *Carey et al. v. GKN Aerospace Transparency Sys., Inc. et al.*, No. 8:26-cv-01723; *Burciaga et al. v. GKN Aerospace Services Limited et al.*, No. 8:26-cv-01724; and *Mariscal et al. v. GKN Aerospace*

*Transparency Sys., Inc. et al.*, No. 8:26-cv-01718 (collectively the "*Carey* Group"). ECF 44. The *Carey* Group requests appointment of Miner, Barnhill, & Galland ("MB&G") and Morgan & Morgan ("M&M") as Co-Lead Counsel, and Weitz & Luxenberg ("W&L"), DiCello Levitt ("DL"), Panish Shea Ravipudi ("PSR"), and Collins Law Group ("CLG") to serve on the Plaintiffs' Executive Committee. *Id.*

On the same day, counsel for Plaintiffs in the following nine cases filed an application: *Big Robs Pizzeria, et al. v. Melrose Industries, PLC, et al.*, No. 8:26-cv-01363-MRA-KES; *Lee v. Melrose Industries, PLC, et al.*, No. 8:26-cv-01295-MRA-KES; *Sanchez v. GKN Aerospace Transparency Systems, Inc., et al.*, No. 8:26-cv-01296-MRA-KES; *Serrano v. Melrose Industries, PLC, et al.*, No. 8:26-cv-01311-MRA-KES; *Shakir v. GKN Aerospace Transparency Systems Inc., et al.*, No. 8:26-cv-01341-MRA-KES; *Tran et al. v. GKN Aerospace Transparency Systems, Inc., et al.*, No. 8:26-cv-01353-MRA-KES; *Santos et al. v. GKN Aerospace Transparency Systems Inc. et al.*, No. 8:26-cv-01372-MRA-KES; *Seaman et al. v. GKN Aerospace Transparency Systems, Inc., et al.*, No. 8:26-cv-01374-MRA-KES; and *Amin v. GKN Aerospace Transparency Systems Inc., et al.*, No. 8:26-cv-1434-MRA-KES (collectively the "Nine Plaintiffs"). ECF 45. The Nine Plaintiffs request the appointment of McCune Law Group, APC ("MLG") and Ahdoot & Wolfson, PC ("A&W") as Co-Lead Counsel; Larson, LLP ("Larson") as Liaison Counsel; and Coulson PC ("Coulson"), Litteral LLP ("Litteral"), Kneupper & Covey PC ("KC"), PARRIS Law Firm ("Parris"), Rose Klein & Marias, LLP ("RS&M"), Sbaiti & Company ("S&C"), and Seeger Weiss LLP ("SW") as the Plaintiffs' Steering Committee. *Id.* at 5-8.

## II. <u>DISCUSSION</u>

Federal Rule of Civil Procedure 23(g) provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). This rule is designed "to protect the interests of the putative class." *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (quoting Fed. R. Civ. P. 23(g)(2)(A) advisory committee notes on 2003 amends.). Appointment of interim class counsel is typically appropriate in cases such as this one, where "overlapping, duplicative, or competing class suits are pending before a court." *Id.* (citing *Manual of Complex Litigation* § 21.11 (4th ed. 2004)).

In appointing interim class counsel, courts commonly consider the same factors that they consider in appointing class counsel following class certification under Rule 23(g). *See Parkinson v. Hyundai Motor Am.*, No. CV06-2553AHS(MLGX), 2006 WL 2289801 (C.D. Cal. Aug. 7, 2006) ("Rule 23(g) provides criteria to consider when appointing class counsel, without distinguishing interim counsel. Presumably, the same factors apply, however."). These factors

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-01293-MRA-KES | Date | August 26, 2026 |
| Title | *In re Garden Grove Chemical Plant Evacuation* | | |

include: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A).

The Court has carefully reviewed both proposals and concludes that the Nine Plaintiffs' Proposed Interim Class Counsel would most "fairly and adequately represent the interests of the [putative] class." Fed. R. Civ. P. 23(g)(1)(B). While both sets of proposed counsel are highly experienced, well-resourced, and engaged in developing the litigation, the Nine Plaintiffs' proposed counsel have already excelled in working cooperatively and efficiently with each other and opposing counsel to consolidate the competing matters, negotiate and obtain a stipulated preservation order under time pressure, and conduct a Rule 26(f) conference. *See* ECF 45 at 2-3, 5. Moreover, proposed counsel, especially proposed Co-Lead Counsel MLG, has significant relevant experience handling mass torts and environmental contamination class action matters. ECF 45 at 5-6, ECF 45-1 Ex. 1. A&W also brings substantial experience in handling large, multi-party cases. ECF 45 at 6-7, ECF 45-1, Ex. 2. The proposed Liaison Counsel, Larson LLP, has significant trial experience, and the firm recently served as co-lead in litigation related to an oil spill in Huntington Beach, which involved similar issues of "environmental contamination, evacuation impacts, and community-wide damages." ECF 45 at 7, ECF 45-1 Ex. 3. Similarly, the proposed members of Plaintiffs' Steering Committee have collective experience in complex litigation and class actions. ECF 45 at 8, ECF 45-1, Exs. 4-10. Thus, this experience, and the declarations accompanying the Application, make it clear that the Nine Plaintiffs' proposed counsel have the experience, knowledge, and resources to efficiently represent the class. ECF 45 at 8-9.

## III. CONCLUSION

For the foregoing reasons, the Court **APPOINTS** McCune Law Group, APC and Ahdoot & Wolfson PC as Interim Co-Lead Counsel; Larson, LLP as Liaison Counsel; and Coulson, PC, Kneupper & Covery PC, Litteral, LLP, PARRIS Law Firm, Rose Klein & Marias, LLP, Sbaiti & Company, PLLC, and Seeger Weiss LLP as the Plaintiff Steering Committee. Accordingly, the Application by Nine Federal Filed Plaintiffs Cases to Appoint Interim Class Counsel [45] is **GRANTED**, and the *Carey* Group's Joint Application for Consideration as Interim Class Counsel [44] is **DENIED**. The parties shall comply with the deadlines in the Court's July 8, 2026, Consolidation Order. *See* ECF 28 ¶¶ 9-10.

**IT IS SO ORDERED.**

- : -

Initials of Deputy Clerk mku